UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN WILLIAMS, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act,<br><br>    Plaintiff,<br><br>  v.<br><br>VIBRANTCARE REHABILITATION, INC., a California corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants. | No. 2:21-cv-01179-JAM-JDP<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

    This matter is before the Court on Plaintiff Colleen Williams' ("Plaintiff") motion to remand for lack of subject matter jurisdiction. See Mot. to Remand (Mot.), ECF No. 12. Defendant VibrantCare Rehabilitation Inc. ("Defendant") opposes the motion. See Opp'n, ECF No. 15. Plaintiff replied. See Reply, ECF No. 16. For the reasons set forth below, the Court GRANTS Plaintiff's motion to remand.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for March 1, 2022.

1

I.   BACKGROUND

Plaintiff filed a class action complaint in the Sacramento County Superior Court on January 17, 2019.  Ex. A to Notice of Removal, ECF No. 1.  Plaintiff filed a first amended complaint ("FAC") on September 2, 2020.  Ex. B to Notice of Removal, ECF No. 1.  Defendant then removed the action to this Court on July 6, 2021.  Notice of Removal at 1, ECF No. 1.  Defendant's Notice of Removal asserts that this Court has subject matter jurisdiction over Plaintiff's complaint pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. S 1332(d).  Id. at 7. Plaintiff asserts that removal was improper and seeks remand on the grounds that Defendant has not met CAFA's jurisdictional amount in controversy requirement.  Mot. at 1.

Plaintiff was formerly employed by Defendant as an hourly-paid or non-exempt employee within the state of California. Ex. B, FAC ¶ 24.  Plaintiff's FAC contain nine causes of action against Defendant asserted on behalf of herself and others similarly situated: (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); (2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); (3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); (4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages); (5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid); (6) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements); (7) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses); (8) Violation of Business and Professions Code §§ 17200, et seq.;

2

and (9) Violation of California Labor Code § 2698, et seq. (California Labor Code Private Attorneys General Act of 2004).

## II. OPINION

### A. Judicial Notice

Federal Rule of Evidence 201 allows the Court to notice a fact if it is "not subject to reasonable dispute," such that it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may take judicial notice of court records, including "opinions, complaints, briefs, and evidence filed in other actions." BP W. Coast Prod. LLC v. Greene, 318 F.Supp.2d 987, 994 (E.D. Cal. 2004).

Plaintiff asks the Court to take judicial notice of documents filed in the Superior Court of California, County of Alameda, in conjunction with Beckwith-Cohen v. Vibrant Rehabilitation, Inc., Case No. RG19006376. See Pl.'s Request for Judicial Notice, Exhibits A-C, ECF No. 13. Defendant requests that the Court take judicial notice of Plaintiff's opposition to Defendant's motion for protective order, which was filed in the Sacramento Superior Court before removal. See Def.'s Request for Judicial Notice, Exhibit 1, ECF No. 15-3. All four exhibits are public records appropriate for judicial notice. A court, however, "may not take judicial notice of proceedings or records in another case so as to supply, without formal introduction of evidence, facts essential to support a contention in the cause then before it." See M/V Am. Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir.

1983).  Thus, the Court grants Plaintiff's request for judicial notice of Exhibits A-C and Defendant's request for judicial notice of Exhibit 1 for the fact that these documents exist but not for the contents within them.

### B. Motion to Remand

Federal district courts have subject matter jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and there exists at least minimal diversity of citizenship between the parties and the class consists of at least 100 members.  CAFA, 28 U.S.C. §§ 1332(d)(2), 1332(d)(5).  A defendant may remove such an action from state to federal court.  28 U.S.C. § 1441(a).

The parties do not dispute that the class is sufficiently numerous or that minimal diversity exists.  Plaintiff argues that remand is proper only on the basis that she pleads entitlement to less than five million dollars in damages.  Defendant opposes remand arguing that the amount in controversy is greater than five million dollars.

#### 1. Legal Standard

A defendant's initial burden of proof as to the amount in controversy for removal purposes is lenient.  "A defendant seeking to remove a case from state to federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'"  Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 81 (2014) (quoting 28 U.S.C. § 1446(a)).  The notice of removal "need not contain evidentiary submissions," rather a "plausible allegation that the amount in controversy exceeds the jurisdictional

4

threshold" can suffice. Id. at 84, 89.

When "a defendant's assertion of the amount in controversy is challenged [however,] both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id. at 89. The parties may submit evidence outside the complaint including affidavits or declarations or other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Singer v. State Farm Mut. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997) (internal citation omitted). The district court "must [then] make findings of jurisdictional fact to which the preponderance standard applies." Dart Cherokee, 574 U.S. at 89 (internal citation omitted).

To determine whether Defendant has met its burden here, the Court must evaluate "the reliability of the variables [D]efendants use to calculate the amount in controversy as exceeding $5 million." Calloway v. Affiliated Computer Servs., Inc., No. 2:13-CV-01648-KJM, 2014 WL 791546, at *7 (E.D. Cal. Feb. 25, 2014) (citing Garibay v. Archstone Communities LLC, 539 F. App'x 763, 764 (9th Cir. 2013)). In its evaluation, a "district court may not find [that Defendant has] met the preponderance of evidence standard based on defendant['s] mere speculation and conjecture." Id. "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1198 (9th Cir. 2015). If "the evidence submitted by both sides is balanced, in equipoise,

the scales tip against federal-court jurisdiction." Id. at 1199.

2. Analysis

Plaintiff argues Defendant failed to show by a preponderance of the evidence that the amount in controversy exceeds five million dollars, because Defendant's estimates are speculative, unreasonable, and unsupported. Reply at 5.

Defendant estimates the total amount in controversy exceeds $10,529,582.11 based on class claims for unpaid overtime, meal period premiums, rest periods premiums, untimely final wages, inaccurate wage statements, minimum wages, and attorney's fees. See Opp'n. Defendant submitted one set of calculations in its Notice of Removal and another set in its opposition briefing. The Court addresses Defendant's opposition briefing.

| Claim | Notice of Removal | Opposition |
|---|---|---|
| (Claim 1) Unpaid Overtime | $422,550.42 | $428,189.79 |
| (Claims 2&3) Unpaid Meal/Rest Period Premiums | $3,378,668.04 | $3,427,271.40 |
| (Claim 5) Waiting Time Penalties | $2,051,897.40 | $2,079,711.00 |
| (Claim 6) Non-Compliant Wage Statement Penalties | $1,176,000.00 | $1,190,800.00 |
| (Claim 4) Unpaid Minimum Wages | (Not Calculated) | $1,713,635.70 |
| Attorney's Fees | $1,757,278.97 | $1,689,974.22 |
| Total: | $8,786.394.83 | $10,529,582.11 |

a.  Claim One: Unpaid Overtime

Defendant argues the amount in controversy with respect to Plaintiff's class claim for unpaid wages is at least $428,189.79. Opp'n at 5. Defendant contends that it is reasonable to apply a 100% violation rate based on Plaintiff's own allegations. Id. Plaintiff alleges "Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California. This pattern and practice involved, inter alia, failing to pay them for all regular and/or overtime wages earned." FAC ¶ 32. Defendant further contends it provided sufficient evidence and reasonable calculations to support its estimate. Opp'n at 7. Defendant relies heavily on a declaration from Heather Tenconi, Defendant's Director of Human Resources and Recruiting. Decl. of Heather Tenconi, ECF No. 15-2.

Tenconi states that her statements are based on her personal knowledge of Defendant's business records kept in the ordinary course of business, including personnel files and payroll records. Id. ¶ 4. Tenconi states she evaluated information from a cloud-based HR program known as UKG Ready and determined "that the total number of non-exempt employees in California who worked for VibrantCare from January 17, 2015 to July 5, 2021 is 755," which includes 334 full-time employees, 49 part-time employees with benefits, 67 part-time employees without benefits, and 305 per diem employees. Id. ¶¶ 8-9. Tenconi further claims that these 755 non-exempt employees "worked a total of approximately 43,827 workweeks" in the applicable time period and that their average hourly rate is

"$19.55 per hour." Id. ¶ 9. Based on the number of workweeks for 755 putative class members and "the half part of time and a half" at a rate of 1 overtime hour per week, Defendant calculates the amount in controversy for Plaintiff's first claim to be $428,189.79. Opp'n at 7.

Plaintiff argues that Defendant has not met its burden of proof, because the assertions and calculations from Tenconi's declaration are "impermissibly ambiguous and speculative—especially in the absence of corroborating evidence." Reply at 4. Plaintiff points out Tenconi's declaration sets forth different figures and assumptions from the ones given in the Notice of Removal without explaining or providing evidence as to why. Id. Plaintiff observes that "the new estimated class size is now 755 rather than 767, yet the workweeks have increased by almost 500, from 43,484 workweeks to now 43,827 [with] no explanation for how removing twelve employees from her analysis resulted in such a dramatic increase in the number of workweeks for the exact same timeframe." Id. Plaintiff also challenges Defendant's conclusory assertions about the putative class size, the average hourly rate for the putative class, and the number of workweeks throughout the putative period. Mot. at 5. Plaintiff argues that these estimations are proffered without evidence and that the Court cannot rely on calculations that are not supported by competent evidence. Id.

With respect to the putative class, Plaintiff alleged that she "and other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants," yet Defendant includes part-time and per diem

8

1 workers in its class size calculations.  Ex. B to Notice of
2 Removal, FAC ¶ 31 (emphasis added).  Setting aside the 334 full-
3 time employees identified by Defendant, there are 421 employees
4 who worked on average less than 40 hours a week.  (Part-time
5 workers with benefits worked on average 32-40 hours a week; part-
6 time workers without benefits worked on average 20 hours a week;
7 and per diem employees worked an average of 12 hours per week.
8 Decl. of Tenconi ¶ 9.)  Although Tenconi explains that "some per
9 diem employees actually worked full-time schedules of 40 hours a
10 week," she does not separate those who worked full time from
11 those who did not.  Id.  Instead, all part-time and per diem
12 workers are included in her class calculation even though only
13 some meet Plaintiff's class member description of working "over
14 eight (8) hours in a day, and/or forty (40) hours in a week."
15 FAC ¶ 31.  Defendant has not provided sufficient explanation for
16 its inclusion of part-time or per diem employees in the putative
17 class.
18     The Court agrees with Plaintiff that Defendant has not
19 provided sufficient evidence to support its putative class
20 calculations.  By extension, the variables Tenconi calculated
21 with respect to the number of workweeks and the average rate of
22 pay are also suspect to the extent they were based on the number
23 of putative class members.  Defendant did not submit any other
24 supporting documents such as business records or spreadsheets
25 for the Court's consideration.  In the absence of any supporting
26 document before the Court to corroborate Tenconi's assertions,
27 the Court cannot evaluate and/or rely on the accuracy of
28 Defendant's calculations.

1    The Ninth Circuit dealt with similar supporting evidence
2 for removal in Garibay v. Archstone Cmtys. LLC., 539 Fed. Appx.
3 763, 764 (9th Cir. 2013). There the court observed that the
4 only support for the defendants' calculation of the amount in
5 controversy was "a declaration by their supervisor of payroll,
6 which set[] forth only the number of employees during the
7 relevant period, the number of pay periods, and general
8 information about hourly employee wages." Id. The court found
9 the district court properly concluded the evidence "was
10 insufficient to support removal jurisdiction under CAFA,"
11 reasoning that beyond the declaration, "the defendants rely on
12 speculative and self-serving assumptions about key unknown
13 variables." Id. For this and the reasons given above,
14 Tenconi's unsupported declaration is insufficient to support
15 removal jurisdiction as to this claim.
16    Lacking more evidence, Defendant has not proved the amount
17 in controversy for Plaintiff's claim for unpaid overtime and the
18 Court declines to credit Defendant's estimate of $428, 189.79.
19            b.    Remaining Claims
20    Plaintiff contends that Defendant's arguments about the
21 remaining claims fail for the same reason as above, namely that
22 the damages calculated are entirely speculative and based on
23 insufficient evidence in light of Defendant's burden to prove
24 jurisdiction. Reply at 5. The Court agrees to the extent that
25 Defendant's calculations are based on the class size, number of
26 workweeks, or the average rate of pay put forth in Tenconi's
27 unsupported declaration. This applies to Defendant's
28 calculations for claim two (meal period premiums), claim three

(rest period premiums), claim four (unpaid minimum wages), and claim five (waiting time penalties).  Opp'n at 9, 11-14.

This leaves only Plaintiff's sixth claim for inaccurate wage statements and statutory attorney's fees.  The Court need not address the parties' arguments about the sixth claim because, even if the Court accepts Defendant's estimate, the aggregate amount in controversy is at most $1,488,500.00 based on: $1,190,800.00 (inaccurate pay statement penalties) + $297,700.00 (statutory attorney's fees, 25% of $1,190,800.00, which is the total remaining damages).  Opp'n at 12-13, 14. Because Defendant has not shown by a preponderance of the evidence the amount in controversy exceeds five million dollars, removal was improper.  Accordingly, the Court GRANTS Plaintiff's motion to remand.

### III.  ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Remand.  This action is hereby remanded back to the Superior Court of Sacramento County, California.  The Court orders the clerk to close this case.

IT IS SO ORDERED.

Dated:  April 20, 2022

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

11